**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

       Plaintiff,

                              Case No. 04-80423

v.                            Hon. Gerald E. Rosen

EDWARD ROBINSON, JR.,

       Defendant.

_____/

**OPINION AND ORDER DENYING**
**DEFENDANT'S MOTION TO DISMISS**

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on _____January 24, 2006_____

PRESENT:  Honorable Gerald E. Rosen
                    United States District Judge

## I.  INTRODUCTION

Defendant Edward Robinson, Jr. was charged in a June 22, 2004 indictment with

(i) possession with intent to distribute more than five grams of crack cocaine, (ii) using,

brandishing, and carrying a firearm during and in relation to a drug trafficking crime, and

(iii) being a felon in possession of a firearm.[1]  By motion filed on October 24, 2005,

Defendant seeks the dismissal of the indictment on the ground that his trial did not

_____

[1]As discussed below, Defendant since has been charged in a December 14, 2005 first superseding indictment with the two additional offenses of (i) conspiracy to possess with intent to distribute and conspiracy to distribute crack cocaine and heroin, and (ii) possession of heroin with intent to distribute.

commence within the 70-day period mandated by the Speedy Trial Act, 18 U.S.C. § 3161. In a reply brief in support of this motion, Defendant further asserts that the pretrial delays in this proceeding have violated his Sixth Amendment right to a speedy trial.

On December 20, 2005, the Court held a hearing on Defendant's motion. Having reviewed the parties' written submissions, and having considered the arguments of counsel at the December 20 hearing, the Court now is prepared to rule on Defendant's motion. This Opinion and Order sets forth the Court's rulings.

## II. FACTUAL AND PROCEDURAL BACKGROUND

The charges in this case stem from an April 22, 2004 search of the residence of co-defendant Jacquelyn Hoyle at 2701 Chrysler, Apartment 1721 in Detroit, Michigan. Upon executing a warrant to search this residence, officers allegedly discovered Defendant Edward Robinson, Jr. sitting at a table covered with over 100 packages of crack cocaine. The first officer to enter the apartment, Detroit Police Officer Jerold Blanding, allegedly pointed his weapon at Defendant and yelled, "Let me see your hands!" Despite this warning, Defendant allegedly reached into his waistband, pulled out a loaded semiautomatic pistol, and pointed it at Officer Blanding. The officer responded by shooting Defendant in the stomach.

As a result of this incident, Defendant was charged in a May 12, 2004 federal criminal complaint with being a felon in possession of a firearm.[2] A warrant was issued

---

[2]As recounted at length in a prior November 8, 2005 opinion in this case, Defendant initially was charged in a Michigan court with four state-law offenses, but these state charges

2

for Defendant's arrest, and he was taken into federal custody on May 28, 2004.
Defendant subsequently was charged in a June 22, 2004 indictment with federal drug and
firearm offenses.

As detailed in the following table, there have been a number of motions filed and
orders entered in the course of this proceeding, each of which has some bearing upon
Defendant's present speedy trial motion:

| Date | Event |
| --- | --- |
| 6/22/04 | Indictment, arraignment of Defendant |
| 7/15/04 | Court enters stipulated order extending motion cutoff date, setting 9/28/04 trial date, and providing that delay due to adjournment is excludable |
| 7/21/04 | Defendant's motion to suppress evidence |
| 7/29/04 | Defendant's motion to suppress statements |
| 7/29/04 | Court issues notice setting Defendant's motions for hearing on 9/29/04 |
| 8/26/04 | Defendant's motions for severance and for disclosure of identity of confidential informant |
| 9/1/04 | Defendant's motion to "remand" case to state court |
| 9/20/04 | Court issues notice setting Defendant's additional motions for hearing on 11/18/04 |
| 9/29/04 | Hearing on Defendant's two motions to suppress; motion to suppress statements is denied, motion to suppress evidence is taken under advisement |
| 10/27/04 | Court issues order denying motion to suppress evidence |

---

were dismissed without prejudice in the wake of the federal prosecutor's decision to pursue
federal charges against Defendant arising from the same underlying conduct.

| **Date** | **Event** |
|----------|-----------|
| 11/17/04 | Government's motion to quash subpoena seeking materials relating to Project Safe Neighborhoods initiative |
| 11/18/04 | Hearing on Defendant's motions to remand, for severance, and for disclosure of confidential informant; latter two motions are denied, motion to remand is taken under advisement |
| 12/14/04 | Defendant's motion for reconsideration of 10/27/04 order denying motion to suppress evidence |
| 1/4/05 | Defendant's motion for bond |
| 1/13/05 | Court issues notice setting Defendant's bond motion for hearing on 1/28/05 |
| 1/18/05 | Defendant's motion to dismiss in light of Government's purported failure to provide discovery |
| 1/28/05 | Hearing on Defendant's motions for bond and to dismiss; former motion is denied, latter motion is held in abeyance pending the Court's review of the Government's response to this motion |
| 2/4/05 | Government files response to Defendant's motion to dismiss, pursuant to the Court's instruction at 1/28/05 hearing |
| 2/14/05 | Co-defendant Jackquelyn Hoyle and Government file stipulation requesting that the Court order a mental competency examination of Hoyle; the parties agree that "this Stipulation and any order resulting therefrom shall not affect . . . the calculation of time under the Speedy Trial Act" |
| 2/18/05 | Court enters stipulated order for mental competency examination of co-defendant Hoyle; this order provides that "the period beginning with the government's motion and ending with the conclusion of the competency hearing . . . [shall] be deemed excludable delay under the Speedy Trial Act" |
| 2/23/05 | Court enters order denying Defendant's motions for reconsideration and to dismiss for purported discovery violation |
| 3/21/05 | Defendant's motion to suppress and request for <u>Franks</u> hearing |

| **Date** | **Event** |
|---|---|
| 4/14/05 | Court issues notice setting Defendant's suppression motion for hearing on 6/30/05 |
| 6/30/05 | Hearing on Defendant's motion to suppress; held in abeyance pending evidentiary hearing on questions concerning handling of evidence from confidential informant's alleged drug purchase from 2701 Chrysler residence |
| 7/11/05 | Court issues notice of 8/11/05 evidentiary hearing on motion to suppress |
| 8/11/05 | Following evidentiary hearing, the Court denies Defendant's motion to suppress |
| 10/24/05 | Defendant's motion to dismiss for speedy trial violation |
| 11/8/05 | Court issues opinion and order denying Defendant's motion to remand |

The legal significance of these various events is discussed below.

Defendant's present motion was addressed by the Court at a December 13, 2005 status conference with counsel, and then again at a December 20, 2005 hearing. A first superseding indictment was issued on December 14, 2005, and Defendant was arraigned on the charges in this indictment during the course of the December 20 hearing. Defendant's trial on these charges commenced on January 17, 2006.

### III. ANALYSIS

Through the present motion, Defendant principally contends that his trial did not timely commence within the 70-day period mandated under the federal Speedy Trial Act, 18 U.S.C. § 3161. Alternatively, Defendant argues his Sixth Amendment right to a speedy trial has been abridged by virtue of the delay of nearly 17 months between the

5

date he was taken into federal custody and the date he filed the present motion.  The Court considers each of these contentions in turn.

## A.      Defendant Has Failed to Establish a Violation of the Speedy Trial Act.

Under the Speedy Trial Act, "the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment."  18 U.S.C. § 3161(c)(1).  The Act further provides, however, that a number of periods of delay "shall be excluded in computing the time within which . . . the trial of any such offense must commence."  18 U.S.C. § 3161(h).  In Defendant's view, the non-excludable delay in this case exceeds the 70-day statutory limit by an additional 70 days or more.  The Court's own review of the record, however, does not support this contention.

The indictment in this case was issued on June 22, 2004, and the 70-day speedy trial "clock" arguably commenced to run on that date.[3]  The period immediately after July 15, 2004 was excludable from the 70-day speedy trial limit, however, in light of the Court's entry of a stipulated order extending the motion cut-off date, setting a September 28, 2004 trial date, and holding that the resulting period of adjournment was excludable.  See 18 U.S.C. § 3161(h)(8)(A).  Thus, 23 days of the 70-day statutory period arguably

---

[3]Although the Government has not raised this issue in its response to Defendant's motion, it appears that the 70-day speedy trial period did not begin to run on the date of the indictment, but instead commenced on August 17, 2004, the date that co-defendant Jackquelyn Hoyle was arraigned.  See United States v. Moss, 211 F.3d 1271, 2000 WL 553901, at *6 (6th Cir. Apr. 26, 2000) (observing that "the speedy trial clock d[oes] not begin to run until the arraignment of the last codefendant"); United States v. Culpepper, 898 F.2d 65, 66 (6th Cir. 1990).

had elapsed before the first period of excludable delay began on July 15, 2004.[4]

Although Defendant contends otherwise in his motion, the Court's own computations and analysis reveal that the speedy trial "clock" did not begin to run again until February 23, 2005 at the earliest.[5]  In the period between July 21, 2004 and January 18, 2005, Defendant filed eight separate pretrial motions.  Each such motion triggered a period of excludable delay "from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion."  18 U.S.C. § 3161(h)(1)(F).  As explained by the Sixth Circuit, the extent of such excludable delay depends upon a number of factors, including whether the motion is set for hearing:

> First, [a] court should exclude all the days during which it is waiting to receive information necessary to decide a pending pre-trial motion.  If the motion requires a hearing, the entire time from the filing of the motion through the date of the hearing is excludable.  We have further held that, whether a pretrial motion requires a hearing or not, once the district court has in its possession all the information needed to decide a motion (including information and arguments heard at the hearing, if there is one), a maximum of thirty days can be excluded on the theory that the court has taken the matter under advisement.

United States v. Robertson, 260 F.3d 500, 503-04 (6th Cir. 2001) (internal quotation marks and citations omitted).

Applying these standards to the record in this case, the Court finds that each and every day between July 21, 2004 and February 23, 2005 was encompassed within at least

---

[4]This assumes, again, that the Court disregards the delay due to the arraignment of co-defendant Hoyle.

[5]This assumes, as discussed below, that the Court disregards the impact of its February 18, 2005 stipulated order for a mental competency examination of co-defendant Hoyle.

one — and, often, more than one — period that was subject to exclusion from the 70-day speedy trial limit as a result of Defendant's filing of pretrial motions.  All but one of the eight pretrial motions filed by Defendant between July 21, 2004 and January 18, 2005 were set for hearing — with the sole exception being Defendant's December 14, 2004 motion for reconsideration.  Of these seven motions set for hearing, the Court decided all but one of these motions either (i) at the relevant hearing or (ii) within the ensuing 30-day period allowed for taking a matter under advisement — with the sole exception being Defendant's September 1, 2004 motion to remand.  It follows, then, that all of the time between the filing and prompt disposition of these six motions was excludable delay — a period that spans without interruption from July 21, 2004 through February 23, 2005.

The two noted exceptions do not alter this conclusion.  First, while Defendant's December 14, 2004 motion for reconsideration was not formally set for hearing, the Court's February 23, 2005 order denying this motion was issued within 30 days after the Government filed its January 25, 2005 response to this motion — a response that readily could be deemed part of the "information needed to decide" Defendant's motion.  See Robertson, 260 F.3d at 504.[6]  In any event, any period of non-excludable delay as to this

---

[6]In addition, the principal issue implicated in this motion — *e.g.,* the circumstances surrounding a confidential informant's controlled purchase of drugs that formed part of the basis for the search warrant that resulted in Defendant's arrest — was addressed at the January 28, 2005 hearing on two other defense motions, so that the motion for reconsideration arguably was not ripe for determination before the hearing.  See Robertson, 260 F.3d at 504 (emphasizing that the presumptive 30-day period of advisement begins to run only after the "district court has in its possession all the information needed to decide a motion (including information and arguments heard at a hearing, if there is one)").

motion was subsumed within the periods of excludable delay attributable to Defendant's January 4, 2005 motion for bond and his January 18, 2005 motion to dismiss, both of which were decided at the January 28, 2005 hearing or within 30 days thereafter.[7]

This leaves only Defendant's September 1, 2004 motion for remand, which was addressed by the Court at a November 18, 2004 hearing and then taken under advisement. Presumptively, at least, the 30-day period following this hearing would be excludable from the 70-day speedy trial limit, but any period thereafter would be non-excludable.[8] Once again, however, any non-excludable period after mid-December of 2004 was subsumed within the periods of excludable delay attributable to Defendant's three subsequent filings on December 14, 2004, January 4, 2005, and January 18, 2005.

The Court's speedy trial analysis thus returns to the date of February 23, 2005, when the Court issued an order resolving the last of Defendant's pending pretrial motions apart from his September 1, 2004 motion for remand.  Arguably, 25 days of non-excludable delay accrued between this date and March 21, 2005, when Defendant filed

---

[7]To the extent that Defendant suggests that his motion for reconsideration should be deemed insufficiently weighty or complex to warrant any period of excludable delay, the Sixth Circuit has observed that "there is no authority for excluding some pretrial motions on the basis that they do not require a significant amount of thought or attention by the court."  United States v. Jenkins, 92 F.3d 430, 440 (6th Cir. 1996).  This rule makes eminent sense, in the Court's view, because any motion, no matter how straightforward, diverts judicial resources that could otherwise be devoted to other tasks — such as, in this case, Defendant's much more challenging and complex motion for remand.

[8]A possible exception to this rule is discussed below.

9

his ninth and final pretrial motion.[9]  This motion, in turn, was the subject of two hearings held on June 30, 2005 and August 11, 2005, and was decided at the conclusion of the August 11 hearing.  Consequently, the period between March 21 and August 11, 2005 was excludable.

From the foregoing analysis, it appears that, at most, 48 non-excludable days of the 70-day speedy trial limit arguably elapsed between the June 22, 2004 indictment and the August 11, 2005 hearing.  Moreover, an additional 73 days passed between this hearing and Defendant's October 24, 2005 filing of the present motion to dismiss.  While the Court cannot accept Defendant's assertion in his motion that the period of non-excludable delay in this case exceeds 140 days, it can more plausibly be argued that this period exceeds 120 days — a figure which, of course, would still surpass the 70 days allowed under the Speedy Trial Act.

On a number of grounds, however, the Court finds no such violation in this case.  First, the Court's computations to this point have disregarded the possible impact of co-defendant Jackquelyn Hoyle upon the running of Defendant's speedy trial "clock."  Yet, as noted earlier, the 70-day speedy trial period did not commence until co-defendant Hoyle was arraigned on August 17, 2004.  See United States v. Moss, 211 F.3d 1271, 2000 WL 553901, at *6 (6th Cir. Apr. 26, 2000); United States v. Culpepper, 898 F.2d

---

[9]The Government asserts that this period also is excludable in light of the Court's February 18, 2005 stipulated order referring co-defendant Hoyle for an evaluation of her mental competency.  The Court addresses this issue below.

10

65, 66 (6th Cir. 1990). This subsumes the 23-day period of otherwise non-excludable delay between June 22 and July 15, 2004.

Similarly, the period after February 23, 2005 is affected by co-defendant Hoyle. Just before this point, the Court issued its February 18, 2005 stipulated order for a psychological or psychiatric examination of co-defendant Hoyle, and this order expressly provided that the period between the filing of the parties' stipulated request and the conclusion of the competency hearing was "deemed excludable delay under the Speedy Trial Act pursuant to 18 U.S.C. §§ 3161(h)(1)(F) and (h)(1)(A)."[10] This delay, moreover, was excludable as to Defendant and co-defendant Hoyle alike, as the Act mandates an exclusion for "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." 18 U.S.C. § 3161(h)(7); see also Culpepper, 898 F.2d at 66-67.

While Defendant sought a separate trial in an August 26, 2004 motion, the Court denied this motion at the November 18, 2004 hearing, and Defendant remained joined for trial with co-defendant Hoyle as of the point that the Court issued its February 18, 2005 order for a mental competency examination.[11] In addition, while the above-cited

---

[10]The Speedy Trial Act provides that the "delay resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant" is excludable from the 70-day speedy trial limit. 18 U.S.C. § 3161(h)(1)(A).

[11]Shortly after Defendant filed the present speedy trial motion, the Government moved for separate trials of Defendant and co-defendant Hoyle, citing its recent decision to introduce Hoyle's statements against Defendant at trial. The Court granted this relief, and Defendant's trial has since commenced separately from (and prior to) the trial of co-defendant Hoyle.

provision permits the exclusion of only a "reasonable" period of delay, such a period surely encompassed the immediate aftermath of the February 18 order, in order to allow time for a psychiatric examination of co-defendant Hoyle and a competency hearing. This reasonable period of excludable delay, then, clearly subsumed at least the 25 days of otherwise non-excludable delay between February 23 and March 21, 2005.

This leaves only the 73-day period between August 11 and October 24, 2005. If only three days of this period were considered part of the "reasonable" delay attributable to the competency evaluation of co-defendant Hoyle, then there would be no violation of the statutory 70-day speedy trial limit. Moreover, the Court finds that at least a portion of this 73-day period was excludable on another ground. During this time frame, Defendant's motion for remand remained under advisement. While the Speedy Trial Act presumptively grants only a 30-day period for this motion to remain under advisement, see 18 U.S.C. § 3161(h)(1)(J); Robertson, 260 F.3d at 504, the Government has cited to authority holding that this period may be extended where a defendant files a number of pretrial motions and where some of these motions implicate complex issues that "must be

---

The Court recognizes Defendant's concern that the Government exercises a degree of control over the availability of a severance, by virtue of its power to decide (and perhaps rethink) whether to offer the statements of one co-defendant against another at trial. The Court further acknowledges the impact of such a decision upon the running of the speedy trial "clock," in light of the Speedy Trial Act provision that excludes a "reasonable period of delay" attributable to a co-defendant who remains joined for trial with the defendant. Presumably, however, the limitation to a "reasonable" period of delay is intended to address these types of concerns. As discussed immediately below, the Court agrees with Defendant that it would not be appropriate to exempt from his speedy trial calculation the entire period of delay occasioned by the mental competency examination of co-defendant Hoyle. Yet, even if only a portion of this delay is excluded, the remaining non-excludable delay is less than the 70-day limit.

given more than an ordinary amount of thought."  See, e.g., United States v. Pedroza, 269

F.3d 821, 830-31 (7th Cir. 2001); United States v. Becker, 965 F.2d 383, 389 (7th Cir.

1992); United States v. Nesbitt, 852 F.2d 1502, 1514 (7th Cir. 1988).

As evidenced by the Court's lengthy opinion, Defendant's motion for remand

implicated a complex and still-developing area of the law, with no direct precedent to

guide the Court's analysis.  In addition, the Court observed in this opinion that Defendant

had failed to address the threshold matter of the Court's jurisdictional basis for assessing

the performance of his state court counsel, much less cited any pertinent authority on this

point.  Consequently, the Court was left to its own devices in researching and resolving

this rather difficult threshold issue.[12]  When these considerations are combined with the

need to address and rule upon Defendant's eight other pretrial motions — a demand upon

the Court's resources that spanned from late July of 2004 through mid-August of 2005 —

the Court finds that a modest portion, at least, of the period after August 11, 2005 was

excludable from the 70-day speedy trial limit as necessary for the proper resolution of

Defendant's pending motion for remand.  So long as at least three days of this period

were excludable on this ground — or, alternatively, on the other ground discussed earlier

---

[12]This task was further complicated by the need to address and distinguish other recent rulings out of this District — identified through the Court's own research, and not in Defendant's motion — which involved somewhat similar facts, but which, in this Court's view, did not adequately consider the threshold question of a federal court's authority to assess the performance of a defendant's state court counsel.  (See 11/8/2005 Op. and Order at 9-10 & n.3 (distinguishing United States v. Nixon, 315 F. Supp.2d 876, 878 (E.D. Mich. 2004) (Feikens, J.), *amended on reconsideration,* 318 F. Supp.2d 525 (E.D. Mich. 2004), and United States v. Morris, 377 F. Supp.2d 630, 633-34 (E.D. Mich. 2005) (Tarnow, J.)).)

— it follows that the pretrial delay in this case did not violate the dictates of the Speedy Trial Act.[13]

Finally, even if the Court were to find that the non-excludable pretrial delay in this case exceeded the 70-day limit, there would remain the question whether the proper remedy would be a dismissal with or without prejudice.  The Speedy Trial Act itself sets forth the factors to consider, including "the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of [the Act] and on the administration of justice."  18 U.S.C. § 3162(a)(2); see also United States v. Moss, 217 F.3d 426, 430 (6th Cir. 2000).  Defendant is charged in this case with drug and firearm offenses, and the Sixth Circuit categorically treats the former as "serious."  See Moss, 217 F.3d at 431.

Regarding the facts and circumstances that caused the purported delay in this case, Defendant correctly points out that he cannot be held solely responsible for this delay. While Defendant filed a number of pretrial motions, the bulk of the resulting delay was automatically excluded from the speedy trial calculus, and thus did not contribute to a

_____

[13]The Court acknowledges that the Sixth Circuit disfavors "post-hoc rationalization," whereby a district court retroactively identifies the grounds for an "ends of justice" continuance covering a past period of otherwise non-excludable delay.  See United States v. Moran, 998 F.2d 1368, 1372 (6th Cir. 1993).  Rather, the preferred course of action here presumably would have been to address the need for a continuance in the Court's opinion resolving Defendant's motion for remand, or in an order entered while this motion remained under advisement.  Nonetheless, the Court need not definitively resolve whether it is permissible to exclude any of the post-August 11 period as attributable to the number and complexity of Defendant's pretrial motions, in light of the Court's determination that a portion of this period is excludable on another ground, and in light of the Court's finding, as discussed below, that any violation of the Speedy Trial Act would warrant only a dismissal without prejudice.

violation of the Act. Yet, Defendant bears some responsibility to the extent that his motion for remand was not supported by the most pertinent authority and failed to address certain threshold jurisdictional issues, leaving the Court to its own devices in determining the legal principles and authorities that governed the disposition of this motion. In addition, Defendant's serial filing of pretrial motions prevented the Court from devoting its full attention to his motion for remand, and instead required the diversion of resources to address a steady stream of other submissions.[14]

Nonetheless, the Court acknowledges that it shares some of the responsibility for any failure to commence Defendant's trial within the 70-day limit, in light of the delay of over 30 days while Defendant's motion for remand was under advisement, and in light of the absence of any contemporaneous "ends of justice" continuance encompassing this period. The Government, likewise, bears some responsibility for this delay, as it failed to alert the Court that the 70-day limit was approaching and that a continuance might be advisable. Yet, it is important to note that any such non-excludable delay was relatively modest, totaling only a few days beyond the 70-day limit. As observed earlier, if the Court were entitled to only an additional three or four days beyond the presumptive 30-

---

[14]The Government also notes that Defendant failed to respond to the Government's November 17, 2004 motion to quash subpoena. As a result, the Government argues that the entire period after the filing of this motion should be deemed excludable. See United States v. Hemmings, 258 F.3d 587, 593-94 (7th Cir. 2001) (finding that a defendant's failure to respond to a motion is a relevant factor in determining how long a motion may remain under advisement). While the Court need not decide this issue, it seems reasonable to consider Defendant's failure to respond as a relevant factor in apportioning the responsibility for any Speedy Trial Act violation.

day limit to consider and resolve Defendant's motion for remand, there would be no violation whatsoever of the Speedy Trial Act. It follows, then, that the facts and circumstances surrounding any possible statutory violation do not weigh in favor of a dismissal with prejudice.

Finally, regarding the impact of re-prosecution upon the administration of justice, Defendant points to his pretrial incarceration and his current inability to locate a witness, Ms. Watkins, who allegedly was present at the scene of his arrest. While these are cognizable forms of prejudice, they must be balanced against the modest extent, if any, to which the non-excludable delay in this case exceeded the statutory 70-day limit. Where any possible violation has been minimal, and where the Court has devoted significant attention and resources to this case in addressing and ruling on Defendant's nine pretrial motions, the Court cannot conclude that the re-prosecution of Defendant would be contrary to the proper administration of justice or unduly prejudicial to his trial rights. Rather, the Court finds that a dismissal without prejudice would be the most appropriate remedy under the circumstances.[15]

---

[15]Any such relief has been mooted, of course, by the issuance of a first superseding indictment on December 14, 2005, just a few days before the Court heard argument on Defendant's motion to dismiss.

**B.      Defendant Has Failed to Establish a Violation of His Sixth Amendment Right to a Speedy Trial.**

Although Defendant's initial motion rested principally on the Speedy Trial Act, his reply brief also advances an argument under the Speedy Trial Clause of the Sixth Amendment.  For many of the same reasons set forth above, however, the Court finds no violation of Defendant's Sixth Amendment right to a speedy trial.

At the outset, the Court notes the Sixth Circuit's observation that "it will be an unusual case in which the time limits of the Speedy Trial Act have been met but the Sixth Amendment right to speedy trial has been violated."  United States v. DeJesus, 887 F.2d 114, 116 n.1 (6th Cir. 1989) (internal quotation marks and citation omitted); see also United States v. O'Dell, 247 F.3d 655, 667 (6th Cir. 2001).  Here, of course, the Court already has held that the non-excludable pretrial delay in this case did not exceed the 70-day limit set forth in the Speedy Trial Act.  Thus, Defendant faces the considerable obstacle of establishing that this is an "unusual case" in which compliance with the Speedy Trial Act does not also satisfy the dictates of the Sixth Amendment's Speedy Trial Clause.

In an effort to overcome this obstacle, Defendant points to the recent decision in Maples v. Stegall, 427 F.3d 1020, 1027 n.4 (6th Cir. 2005), in which the Sixth Circuit stated that the "general reasoning" in such cases as DeJesus, supra, "does not convince us that every requirement of the Speedy Trial Act applies as well to the constitutional analysis."  In particular, while noting the general rule in Speedy Trial Act cases that the

17

excludable delay of one co-defendant is excludable as to all other co-defendants joined for trial, the Court observed that "[w]e have found no cases that state definitively that the same principle should be applied in the context of a *constitutional* speedy trial claim." Maples, 427 F.3d at 1027 (footnote omitted).  In the absence of such authority, the Court found that the defendant in the case before it should not be "require[d] . . . to carry the full burden of his co-defendant's delay," where "the co-defendant, who was out on bond, had less incentive . . . to resolve the case," where the defendant "had [no]thing to do with [his] co-defendant's decisions to delay," and where the defendant "effectively objected to the delay by asserting his speedy trial right" before joining in the co-defendant's motion that had occasioned much of the delay.  427 F.3d at 1028.

Even reading Maples as broadly dictating the total exclusion of co-defendant delay from the Sixth Amendment speedy trial analysis, the Court does not find any constitutional violation in this case.  Under the Court's statutory analysis, the excludable delay due to co-defendant Hoyle encompassed only about 50 days of the pretrial period that otherwise would have been deemed non-excludable.  In contrast, Defendant's own pretrial submissions accounted for roughly 365 days of excludable delay, spanning all but a 25-day period between July 15, 2004 and August 11, 2005.  Even if the Court were to consider only the time spanned by Defendant's own filings, as opposed to the periods when these motions were under advisement, this delay would span nearly the entire period from July 15, 2004 through March 21, 2005, or over 8 months of the roughly 17-

18

month period that Defendant remained in federal custody prior to the filing of the present motion.  Factoring in a reasonable amount of time to resolve these nine pretrial motions filed over an eight-month period, the Court is led to the conclusion that Defendant's submissions accounted for roughly three-quarters of the pretrial delay in this case.

With these considerations in mind, the Court turns to the four specific factors that govern its constitutional speedy trial analysis.  First, the Court must ascertain whether the pretrial delay was "uncommonly long" — if not, the inquiry is at an end.  Doggett v. United States, 505 U.S. 647, 651-52, 112 S. Ct. 2686, 2690-91 (1992); see also Maples, 427 F.3d at 1025-26.  "The length of the delay is measured from the date of the indictment or the date of arrest, whichever is earlier."  Maples, 427 F.3d at 1026.  In this case, Defendant was taken into federal custody on May 28, 2004, and nearly 17 months passed before he filed the present motion on October 24, 2005.  The Sixth Circuit has held that such delays of a year or more trigger the application of the remaining three constitutional speedy trial factors.  See Maples, 427 F.3d at 1026.

Next, the Court must consider the reasons for the delay, for the purpose of determining "whether the government or the criminal defendant is more to blame for that delay."  Doggett, 505 U.S. at 651, 112 S. Ct. at 2690; see also Maples, 427 F.3d at 1026.  In apportioning responsibility for the delay, the Court "weigh[s] some reasons more heavily than others" — "[f]or instance, government delays motivated by bad faith, harassment, or attempts to seek a tactical advantage weigh heavily against the

government, while more neutral reasons such as negligence or overcrowded dockets weigh against the state less heavily." Maples, 427 F.3d at 1026 (internal quotation marks and citation omitted).

For the reasons set forth earlier, the Court finds that Defendant bears the responsibility for a substantial portion, albeit not all, of the pretrial delay in this case. As explained, Defendant filed nine pretrial motions over an eight-month period, resulting in 365 days of delay that is clearly excludable under the Speedy Trial Act. In addition, the Court has noted its belief that some additional time should be excludable, in light of the novelty and complexity of the issues raised in Defendant's motion for remand, and because of the need for the Court to conduct its own independent research in order to meaningfully address and properly resolve the issues raised in this motion. Thus, over a year of the 17-month pretrial period was devoted to the resolution of Defendant's pretrial motions.

While much of the remaining delay can be attributed to the Government or the Court, there is absolutely no evidence of bad faith or deliberate efforts to seek a tactical advantage. Rather, as explained earlier, the additional time needed by the Court to decide Defendant's motion for remand is evidenced by a lengthy opinion, the lack of prior case law squarely on point, and the dearth of pertinent authority cited in the parties' briefs. See O'Dell, 247 F.3d at 668 (identifying the "resolution of pretrial motions" as an example of a "presumptively justifiable reason[]" for delay). As for the Government's

20

role in any pretrial delay, the worst that can be said is that the Government was negligent in failing to alert the Court to a possible speedy trial concern. On balance, then, the responsibility for the delay lies considerably more with Defendant than with the Government or the Court.

Under the third prong of the constitutional analysis, the Court must ask whether Defendant asserted his right to a speedy trial. Defendant filed two motions, on June 16, 2004 and January 4, 2005, challenging the order for his detention, and the second of these motions sought his release on bond. "The Sixth Circuit recognizes a request for bail as the functional equivalent of [a] request for a speedy trial." Maples, 427 F.3d at 1029. And, of course, Defendant subsequently filed the present motion claiming that his right to a speedy trial had been violated. Accordingly, this factor weighs in favor of Defendant's speedy trial challenge.

Finally, the Court must determine the existence and extent of the prejudice suffered by Defendant as a result of the pretrial delay. The 17-month pretrial period in this case does not trigger a presumption of prejudice, where most of this delay was attributable to Defendant, and where the Government and the Court bear responsibility for, at most, four to five months of this delay. See Maples, 427 F.3d at 1031 (collecting cases finding no presumption of prejudice despite delays of over a year attributable to the Government). Thus, Defendant must produce evidence of actual prejudice, which can encompass the harms of "oppressive pretrial incarceration," "anxiety and concern of the

accused," and "the possibility that the [accused's] defense will be impaired by dimming memories and loss of exculpatory evidence." Doggett, 505 U.S. at 654, 112 S. Ct. at 2692 (internal quotation marks and citations omitted). "Of these forms of prejudice, the most serious is the last, because the ability of a defendant adequately to prepare his case skews the fairness of the entire system." Doggett, 505 U.S. at 654, 112 S. Ct. at 2692 (internal quotation marks and citation omitted).

In this case, Defendant has been incarcerated throughout the pretrial period, and his motion for bond suggests that he suffered some anxiety and concern during this period. See Maples, 427 F.3d at 1032. Regarding the possible impairment of his defense, Defendant states only that his counsel is no longer able to locate one witness, Ms. Watkins, who allegedly was present at the time of the incident that led to the charges in this case, and who purportedly "could have provided testimony on [Defendant's] behalf." (Defendant's Reply Br. at 5.) Yet, Defendant has not identified the substance or nature of this testimony. More importantly, he has not endeavored to establish any link between the unavailability of this witness and a delay attributable to the Government or the Court rather than himself. As explained, Defendant is responsible for the bulk of the pretrial delay in this case, encompassing the period between July of 2004 and August of 2005. Nothing in the record, however, suggests that Ms. Watkins would have been available if trial had commenced during this period, but then disappeared during the ensuing period of additional delay.

22

Given the moderate delay in this case — and, particularly, the modest delay attributable to the Government and the Court, as opposed to Defendant — Defendant's generalized claim of prejudice lends little support to his speedy trial challenge. Significantly, much of the prejudice he has identified — *e.g.,* his pretrial incarceration — would have existed, in nearly the same measure, even if the Government and the Court had done nothing which could be viewed as prolonging the pretrial proceedings. Similarly, Defendant has not explained why the purported impairment to his defense — namely, his inability to locate a single witness — should be attributed to the Government or the Court rather than his own serial filings spanning much of the pretrial period. Consequently, upon considering and weighing all of the pertinent factors, the Court finds no violation of Defendant's Sixth Amendment right to a speedy trial.

## IV. <u>CONCLUSION</u>

For the reasons set forth above,

NOW, THEREFORE, IT IS HEREBY ORDERED that Defendant's October 24, 2005 Motion to Dismiss is DENIED.

Dated:  January 24, 2006                    s/Gerald E. Rosen
                                            Gerald E. Rosen
                                            United States District Judge

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 24, 2006, by electronic and/or ordinary mail.

                    s/LaShawn R. Saulsberry
                    Case Manager

23