UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                             Crim. No. 04-80423

vs.                                            District Judge
                                                    Magistrate Judge R. Steven Whalen
EDWARD ROBINSON,

       Defendant.
                                  /

**REPORT AND RECOMMENDATION**

Before the Court is Defendant Edward Robinson's Motion to Vacate Sentence under 28 U.S.C. § 2255 [Docket #145], which has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that the motion be DENIED.

        **I.    FACTUAL AND PROCEDURAL BACKGROUND**

Defendant was tried by a jury on a superseding indictment charging conspiracy to possess with intent to distribute and to distribute more than five grams of cocaine base (Count One); possession with intent to distribute more than five grams of cocaine base (Count Two); possession with intent to distribute heroin (Count Three); using, carrying and brandishing a firearm during and in relation to drug trafficking crimes (Count Four); and felony in possession of a firearm (Count Six). He was convicted of all counts, and on May 22, 2006, he was sentenced to 120 months imprisonment on Counts One and Two, and 70 months on Counts Three and Six, all to run concurrently. He was also sentenced to 60 months on Count Four, to run consecutively.

Defendant filed a direct appeal in the Sixth Circuit, raising the following assignments of error:

(1) The district court erred in failing to suppress evidence obtained as the result of a search warrant;

(2) Defendant was denied his Sixth Amendment right of confrontation where a police witness testified that the police received information about there being a "known shooter" on the premises that were searched;

(3) The district court wrongly applied Fed.R.Ev. 404(b) by precluding Defendant from cross-examining a police officer regarding prior incidents where that officer discharged his gun;

(4) The district court erred in admitting medical records showing that Defendant had cocaine in his system at the time of his arrest;

(5) The prosecution failed to disclose evidence prior to trial, in violation of Fed.R.Crim.P. 16 and *Brady v. Maryland*, 373U.S. 83 (1963);

(6) The Defendant was denied a fair trial due to prosecutorial misconduct; and

(7) The Defendant was denied due process through the cumulative effect of the above errors.

On November 19, 2007, the Sixth Circuit rejected all of these issues in a 29-page, unpublished opinion, affirming the Defendant's convictions. *See* Sixth Circuit Opinion, Docket #137.

The Sixth Circuit fairly summarized the facts adduced at trial as follows:

"The record reveals that on April 19, 2004, a confidential informant working under the supervision of Officer Don Eastman of the Detroit Police Department Narcotics Bureau, was sent to 2701 Chrysler, Apartment Number 1721, to purchase crack cocaine. The transaction was completed, and on April 21, 2004, Officer Eastman obtained a search warrent for the premises.

"The warrant was executed on April 22, 2004, at approximately 9:15 a.m. Prior to entry, the officers knocked on the door and announced their presence. When they received no response, a forced entry was ordered.

> officer Jerold Blanding of the Narcotics Bureau was the first officer through the door. he was armed with a short-barreled shotgun. As Officer Blanding entered the apartment, he saw the defendant sitting in a chair in the back bedroom. Three women were also in the apartment. Officer Blanding ordered defendant to show his hands. Defendant reached with his left hand down to his left side, pulled out a pistol, and leaned forward preparing to aim the pistol at the officer, at which point Officer Blanding shot defendant in the abdomen. Defendant fell back into the chair, and the gun fell to the left between defendant's leg and the chair. Officer Blanding obtained the pistol and placed it on the floor while defendant was being handcuffed. Defendant was then transported to the hospital.
>
> "Upon searching the apartment, the police observed 135 ten-dollar baggies of crack cocaine, each weighing approximately .101 grams, three baggies of heroin, a razor blade, a scale, and a sifter used to process heroin located on a coffee table near the defendant's chair in the back bedroom. A .357 Magnum handgun was found in the back bedroom under the cushion of a sofa on which a woman was sleeping at the time of the entry. The officers also recovered $2,495 in cash found in a locked bag located next to the chair in the bedroom." Opinion, pp. 1-3 (citations to Joint Appendix omitted).

In the present § 2255 motion, Defendant raises the following issues:

(1) The search of the residence and the seizure of the evidence were unlawful under the Fourth Amendment;

(2) The police obtained evidence as the result of an unlawful arrest. As part of this issue, Defendant claims that "[t]he prosecutor used perjured testimony at trial of Don Eastman."

(3) The government withheld exculpatory information, in violation of *Brady v. Maryland, supra*.

(4) The confidential informant was not produced for an *in camera* hearing.

Defendant has also filed four motions to amend and/or supplement his § 2255 motion [Docket #s 147, 150, 152 and 154][1], raising the following additional issues:

---

[1] By separate order, I have granted all three motions, and will consider those pleadings as part of Defendant's § 2255 motion. The motions in Docket #147 and Docket #150 are identical.

-3-

(4) Defendant was denied his Sixth Amendment right to the effective assistance of both trial and appellate counsel [Docket #147 and #150];

(5) The prosecutor committed misconduct during the grand jury proceedings, by withholding evidence [Docket #154].[2]

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2255, a federal prisoner may file a motion to vacate, set aside, or correct his sentence on the ground that the sentence was imposed in violation of the United States Constitution. "[A] defendant must show a fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. U.S.* 157 F.3d 427, 430 6th Cir. 1998) (internal quotation omitted); *Gall v. United States,* 21 F.3d 107, 109 (6th Cir.1994). To prevail under § 2255, a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the jury's verdict. *Griffin v. United States,* 330 F.3d 733, 736 (6th Cir.2003).

Where the defendant has failed to assert his claims on direct appeal and thus has procedurally defaulted, in order to raise them in a § 2255 motion he also must show either that (1) he had good cause for his failure to raise such arguments and he would suffer prejudice if unable to proceed, or (2) he is actually innocent. *Bousley v. United States,* 523 U.S. 614, 622, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). "Section 2255 is not a substitute for a direct appeal, and thus a defendant cannot use it to circumvent the direct appeal process." *Regalado v. United States,* 334 F.3d 520, 527 -528 (6th Cir. 2003), *citing United States v. Frady,* 456 U.S. 152, 167-68, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982).

---

[2] The fourth motion to amend/supplement [Docket #152] does not raise any additional issues, but merely supplements arguments made in the original motion.

### III.   DISCUSSION

#### A.   Search and Seizure, Unlawful Arrest and *Brady v. Maryland*

The first three issues raised in Defendant's motion allege, respectively, that the police effected an unlawful search, that the Defendant's arrest was unlawful, and that the prosecutor suppressed exculpatory evidence in violation of *Brady v. Maryland, supra*. These issues were all fully addressed and rejected in the Sixth Circuit's decision on direct review.  *See* Sixth Circuit Opinion, Docket #137.

With regard to the search issue (and by implication, the arrest issue), the Defendant continues to argue discrepancies in Officer Eastman's testimony regarding whether "pre-recorded" buy money was given to the confidential informant and the alleged false and material statements in the warrant affidavit under *Franks v. Delaware*, 438 U.S. 154 (1978).  However, the Sixth Circuit affirmed the trial court's decision denying the Defendant's motions to suppress, which included an analysis under *Franks*. Sixth Circuit Opinion, Docket #137, pp. 3-9.

The Sixth Circuit also rejected the *Brady* issue, in which the Defendant claimed that three pieces of evidence were withheld pretrial: (1) a fingerprint analysis; (2) the shirt worn by the Defendant at the time he was shot; and (most pertinent to the present motion) (3) the falsity of the statement in the warrant affidavit that the informant used pre-recorded funds.  The Sixth Circuit discussed these issues at length.  Opinion, pp. 18-25.

The law is clear that in a § 2255 motion, a Defendant may not relitigate issues that were decided on appeal. "The decision on the direct appeal is the law of the case, absent the intervention of 'new law' since the trial and appeal." *Turner v. United States*, 948 F.2d 1290 (Table) (6th Cir.1991);  *United States v. Davis,* 472 F.2d 596 (9th Cir.1972), rev'd on other grounds, 417 U.S. 333 (1974) ("[W]here an issue has been decided on

direct appeal from a conviction, it cannot be relitigated again on a § 2255 motion. The decision on the direct appeal is the law of the case.").

Accordingly, the motion must be denied as to these first three issues.

### B. Failure to Produce Informant

Before trial, Defendant's counsel moved for an *in camera* examination of the confidential informant who made the controlled drug buy on which the search warrant was based. The defense claimed that if the informant were to indicate that he bought the drugs from someone other than the Defendant, this would constitute exculpatory evidence. A hearing on this motion was held on November 18, 2004, and the Court denied the motion on the record, holding that under the facts of this case, the informant's ability to identify or not identify the Defendant was irrelevant, given that when the search warrant was subsequently executed, the Defendant was found in possession (or at least constructive possession) of narcotics and firearms. In addition, the Court held that the defense had not offered sufficient facts to justify an *in camera* examination of the informant. *See* Transcript of 11-18-04, pp. 6-15.

This issue, which was fully preserved by a pretrial motion, was not raised on appeal. Therefore, in order for this Court to review the issue in a § 2255 motion, the Defendant must show cause for and prejudice from the failure to include it in his appeal. *Bousley v. United States, supra*.

In his motion and subsequent amendments, Defendant appears to claim that his appellate attorney was constitutionally ineffective for not raising the issue. A criminal defendant has a Sixth Amendment right to effective assistance of counsel in his first appeal by right, *Evitts v. Lucey*, 469 U.S. 387, 396, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985), and a denial of that right may, in the context of collateral federal review,

constitute cause for a procedural default. *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). An issue of ineffective assistance of appellate counsel is analyzed under the two-prong test of *Strickland* v. *Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (did counsel's performance fall below an objective standard of reasonableness, and if so, was the defendant prejudiced). As in any counsel ineffectiveness claim, sound strategic choices as to which issues to pursue on appeal are given a generous degree of deference, *United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990), and "there can be no constitutional deficiency in appellate counsel's failure to raise meritless issues." *Mapes v. Coyle*, 171 F.3d 408, 413 (6th Cir. 1999). Nevertheless, appellate counsel can be "constitutionally deficient in omitting a dead-bang winner even while zealously pressing other strong...claims." *Page v. United States*, 884 F.2d 300, 302 (7th Cir. 1989). A "dead-bang winner" has been defined as "an issue which was obvious from the trial record." *United States v. Cook*, 45 F.3d 388, 395 (10th Cir. 1995).

Because the underlying issue regarding production of the confidential informant is completely without merit, Defendant has not met either the "performance" or "prejudice" prong of *Strickland*.

Based on a public interest in protecting the flow of information to the police in the course of criminal investigations, the courts have long recognized a governmental privilege which shields disclosure of the identity of a confidential informant. *See Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957). However, the privilege is not absolute, and is qualified by "balancing the pubic interest in protecting the flow of information against the individual's right to prepare his defense." *Id.*, 353 U.S. at 62. To make an informed decision as to which party a balancing of these interests favors, courts may conduct an *in camera* examination of the witness or the confidential

information.  *See United States v. Straughter*, 950 F.2d 1223, 1232 (6th Cir. 1991) ("*In camera* review of such material provides the proper method of conducting the necessary balancing without unnecessarily disclosing the confidential informant's identity"); *United States v. McManus*, 560 F.2d 747, 751 (6th Cir. 1977), *cert. denied*, 434 U.S. 1047, 98 S.Ct. 894, 54 L.Ed.2d 798 (1977).

To justify an *in camera* review, the initial burden is on the defense to show a reasonable probability that the informant can give relevant testimony.  *McManus* at 751.

The information obtained from the informant, who made a controlled buy *prior* to the issuance of the search warrant, was relevant to the question of probable cause to search the premises.  As the trial court observed, it was not relevant to the events that occurred after the police entered the premises, where the Defendant was essentially caught red-handed, and drew a gun on the officers. If the informant testified that on some previous occasion, he bought the drugs at that address from someone other than the Defendant, what difference would that make to what happened on the day the search warrant was executed?  Furthermore, the Defendant offered no facts, beyond his own denial that he sold drugs, that the informant had any relevant information to offer.  Thus, he did not meet his burden to show a "reasonable probability" that the informant would have relevant information.  *McManus, supra*.

Therefore, this issue is more properly characterized as a "dead-bang loser," rather than a "dead-bang winner," and appellate counsel cannot be faulted for not raising it in Defendant's direct appeal.

For the same reasons, even if this Court excused the procedural default and reviewed the substance of the issue, the Defendant would clearly lose on the merits.

### C.   Ineffective Assistance of Trial and Appellate Counsel

For the reasons discussed in the preceding section, appellate counsel was not ineffective. Nor, under a *Strickland* analysis, was trial counsel.

In his motions to amend/supplement, Defendant claims that his trial attorney was deficient in three respects: (1) he failed to ask for the production of the informant at trial; (2) he did not investigate the bullet taken from the Defendant's body; and (3) he did not adequately argue the Eastman/pre-recorded fund issue to the jury. Of course, defense counsel did in fact move for the production and *in camera* examination of the informant, and lost. As to the bullet, what relevance does that have to the charges for which Defendant was tried and convicted? Finally, the discrepancies between Eastman's testimony regarding pre-recorded funds and his affidavit had little if anything to do with the events on the date the Defendant was arrested. Even assuming that this Court were inclined to dissect and critique counsel's arguments to the jury and find them substandard, there was no prejudice to the Defendant, given the overwhelming evidence of Defendant's guilt.

Thus, Defendant has not met his burden of showing that either his trial attorney or he appellate attorney was constitutionally ineffective.

### D. Prosecutorial Misconduct

Defendant claims that the prosecutor committed misconduct during the grand jury phase of the proceedings by not producing any information regarding the confidential informant or documentation concerning the money used to make the controlled purchase. He claims that the prosecutor presented "no physical or material evidence to demonstrate probable cause to the Grand Jury." Motion to Amend [Docket #154], p.2.

In *United States v. Mechanik,* 475 U.S. 66, 106 S.Ct. 938, 89 L.Ed.2d 50 (1986), the Supreme Court held that any error before the grand jury is cured by a guilty verdict at

trial. As the Court stated:

> "We express no opinion as to what remedy may be appropriate for a violation of Rule 6(d) that has affected the grand jury's charging decision and is brought to the attention of the trial court before the commencement of trial. We hold only that however diligent the defendants may have been in seeking to discover the basis for the claimed violation of Rule 6(d), the petit jury's verdict rendered harmless any conceivable error in the charging decision that might have flowed from the violation. In such a case, the societal costs of retrial after a jury verdict of guilty are far too substantial to justify setting aside the verdict simply because of an error in the earlier grand jury proceedings." *Id.*, 475 U.S. at 72-73.

Following trial, a jury found Defendant Robinson guilty beyond a reasonable doubt of all charges. Any error in the grand jury proceedings is harmless.

## IV.   CONCLUSION

For these reasons, I recommend that Defendant's Motion to Vacate Sentence Under 28 U.S.C. § 2255 [Docket #145] be DENIED.

Any objections to this Report and Recommendation must be filed within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *and Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20)

pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/R. Steven Whalen<br>UNITED STATES MAGISTRATE JUDGE

Dated: February 27, 2009

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on February 27, 2009.

s/Susan Jefferson<br>Case Manager